UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 18-6386-SJO (KK)** | Date: | August 1, 2018 |
| Title: | *Christopher Dwayne Warsaw v. Daniel Paramo* | | |

Present: The Honorable   KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order To Show Cause Why The Petition Should Not Be Dismissed For Failure To Exhaust State Remedies

# I.
# INTRODUCTION

On July 17, 2018, Christopher Dwayne Warsaw ("Petitioner"), who is currently incarcerated in Richard J. Donovan Correctional Facility in San Diego, California, constructively filed[1] a pro se Petition pursuant to Title 28 of the United States Code, section 2254. See ECF Docket No. ("dkt.") 1, Pet. Petitioner challenges his 2016 conviction in Los Angeles Superior Court for nine counts of attempted murder of a peace officer, nine counts of assault on a peace officer with a semiautomatic weapon, two counts of false imprisonment of a hostage, one count of kidnapping, one count of possession of a firearm by a felon, and one count of forcible rape of a child 14 years or older. Pet. at 1. The Petition sets forth three grounds for habeas relief: (1) ineffective assistance of trial counsel ("Claim One"); (2) prosecutorial misconduct for withholding evidence ("Claim Two"); and (3) judicial misconduct for denying Petitioner's right to confront and call witnesses ("Claim Three"). Id. at 2-12.

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on July 17, 2018. ECF Docket No. ("dkt.") 1, Pet. at 13. Thus, the Court deems July 17, 2018 the Petition's filing date.

The Petition, however, appears subject to dismissal because Petitioner has not exhausted his state remedies with respect to Claims Two and Three. The Court will not make a final determination regarding whether the federal Petition should be dismissed, however, without giving Petitioner an opportunity to address this issue. The Court directs Petitioner to review the information that follows, which provides additional explanation as to why the federal Petition appears to be subject to dismissal and may assist Petitioner in determining how to respond.

## II.
## THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

Here, Petitioner appealed his conviction and sentence to the California Court of Appeal. Pet. at 1. It appears Claim One was presented in this appeal which was denied. Id.; see People v. Warsaw, 2017 WL 2334001 (Cal. Ct. App. May 30, 2011). Petitioner then filed a petition for review with the California Supreme Court (Case no. S242493), which was also denied. Pet. at 1; California Courts, Appellate Courts Case Information, Disposition (Aug. 1, 2018, 11:47 AM) http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2204776&doc_no=S242493&request_token=NiIwLSIkXkw3WzBJSCMtTExIUDg0UDxTJyI%2BVzNTQCAgCg%3D%3D. Hence, it appears Claim One was properly exhausted.

With respect to Claims Two and Three, however, these claims do not appear to have been exhausted on direct appeal. In addition, while Petitioner filed a petition for writ of habeas

corpus in the California Court of Appeal,[2] he does not appear to have filed a post-conviction petition in the California Supreme Court.  See Pet.  Hence, it appears the California Supreme Court has not ruled on Claim Two or Three, and thus those claims have not been exhausted.  Accordingly, the Petition appears to be a mixed petition and subject to dismissal without prejudice.  See Rose, 455 U.S. at 522.

### III.
### ORDER

Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed for failure to exhaust state remedies by filing a written response **no later than August 22, 2018.**  Petitioner must respond to this Order pursuant to one or more of the options listed below.

**Option 1 - Petitioner May Explain Claims Two and Three are Exhausted:**  If Petitioner contends he has in fact exhausted his state court remedies on Claims Two and Three, he should clearly explain this in a written response to this Order.  Petitioner should attach to his response copies of any documents establishing that Claims Two and Three are indeed exhausted.  Petitioner may also file a response, and include a notice that, if the Court still finds Claims Two and Three to be unexhausted, he alternatively selects one of the other options discussed below.

**Option 2 - Petitioner May Voluntarily Dismiss Claims Two and Three And Proceed Only On Exhausted Claim One:**  If Petitioner wishes to proceed on the exhausted Claim One only, he may file a request to voluntarily dismiss Claims Two and Three.  The Court advises Petitioner that if he elects to proceed now with only his exhausted claims, any future habeas petitions containing Claims Two and Three, or other claims that could have been raised in the instant Petition may be rejected as successive or may be time-barred.

**Option 3 - Petitioner May Request A *Rhines* Stay:**  Under Rhines v. Weber, 544 U.S. 269, 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005), a district court has discretion to stay a petition to allow a petitioner time to present his unexhausted claims to state courts.  Id. at 276; Mena v. Long, 813 F.3d 907 (9th Cir. 2016) (holding the Rhines stay-and-abeyance procedure applies to both mixed and fully unexhausted habeas petitions).  This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics.  Rhines, 544 U.S. at 277-78.

---

[2] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts.  See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011).  Based on the Court's review of the California Court of Appeal's website, the Court finds it unclear what claims Petitioner presented in his state habeas petition.  See California Courts, Appellate Courts Case Information, Docket (Aug. 1, 2018, 10:46 AM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2229058 &doc_no=B285196&request_token= NiIwLSIkXkw3WzBJSCNdUE1JUEw6USxTKyNOQzNSUCAgCg%3D%3D.

Petitioner may file a motion for a <u>Rhines</u> stay and support his request by showing: (1) there is "good cause" for the failure to exhaust; (2) the grounds raised are not "plainly meritless"; and (3) Petitioner did not intentionally engage in dilatory litigation tactics. See <u>id.</u> Petitioner should include any evidence supporting his request for a <u>Rhines</u> stay.

**Option 4 - Petitioner May Request A *Kelly* Stay:** Under <u>Kelly v. Small</u>, 315 F.3d 1063, 1070-71 (9th Cir. 2003), if a petitioner dismisses a mixed petition's unexhausted claims, the court may stay the petition's remaining exhausted claim to allow the petitioner time to exhaust the unexhausted claims in state court. <u>Id.</u> at 1070-71. This is called a "<u>Kelly</u> stay." Unlike a <u>Rhines</u> stay, a <u>Kelly</u> stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." <u>King v. Ryan</u>, 564 F.3d 1133, 1135 (9th Cir. 2009).

A <u>Kelly</u> stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and hold in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." <u>Id.</u> (citing <u>Kelly</u>, 315 F.3d at 1170-71). Thus, while "<u>Rhines</u> allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . <u>Kelly</u> allows the stay of <u>fully exhausted</u> petitions, requiring that any unexhausted claims be dismissed." <u>Id.</u> at 1139-40 (emphasis in original) (citing <u>Jackson v. Roe</u>, 425 F.3d 654, 661 (9th Cir. 2005)).

While a <u>Kelly</u> stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the <u>Kelly</u> procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." <u>King</u>, 564 F.3d at 1140-41. After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" <u>Id.</u> at 1141 (citation omitted).

Petitioner may file a motion for a <u>Kelly</u> stay and follow the three-step procedure above. First, Petitioner must file a proposed notice voluntarily dismissing Claims Two and Three. See <u>id.</u> at 1135. The Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Claim One and allow Petitioner the opportunity to exhaust the deleted Claims Two and Three in state court. See <u>id.</u>

**Caution:** Petitioner is cautioned that if he requests a stay and the Court denies the request for a stay, or if Petitioner contends that he has in fact exhausted his state court remedies on all grounds and the Court disagrees, the Court will dismiss the Petition for failure to exhaust state remedies. **Accordingly, Petitioner may select options in the alternative.**

**The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing this action without prejudice as a mixed petition and for his failure to comply with court orders and failure to prosecute.  <u>See</u> Fed. R. Civ. P. 41(b).**

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**IT IS SO ORDERED.**