UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 18-6386-SJO (KK) | Date: | August 29, 2018 |
|---|---|---|---|
| Title: | *Christopher Dwayne Warsaw v. Daniel Paramo* | | |

Present: The Honorable KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:** **(In Chambers) Minute Order re: Response to Order to Show Cause, Dkt. 5**

## I.
## INTRODUCTION

Christopher Dwayne Warsaw ("Petitioner") filed a pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 which contained both exhausted and unexhausted claims. Petitioner has requested a stay pursuant to Rhines v. Weber, 544 U.S. 269, 161 L. Ed. 2d 440, 161 L. Ed. 2d 440 (2005) ("Rhines stay"), and in the alternative, a voluntary dismissal of his unexhausted claims. For the reasons set forth below, the Court is inclined to deny Petitioner's request for a Rhines stay, and grant Petitioner's Request to voluntarily dismiss his unexhausted claims. Before doing so, however, the Court orders Petitioner to respond to this Order **within fourteen (14) days** as to whether he alternatively requests a stay pursuant to Kelly v. Small, 315 F.3d 1063, 1070-71 (9th Cir. 2003) ("Kelly stay").

## II.
## PROCEDURAL HISTORY

**A. STATE PROCEEDINGS**

On March 14, 2016, following a jury trial in Los Angeles County Superior Court, Petitioner was convicted of nine counts of attempted murder of a peace officer in violation of

sections 187 and 664 of the California Penal Code; nine counts of assault on a peace officer with a semiautomatic weapon in violation of section 245 of the California Penal Code; two counts of false imprisonment of a hostage in violation of section 210.5 of the California Penal Code; one count of kidnapping in violation of section 207 of the California Penal Code; one count of possession of firearm by a felon in violation of section 29800 of the California Penal Code; and one count of forcible rape of a child 14 years or older in violation of section 261 of the California Penal Code. ECF Docket No. ("dkt.") 1, Pet. at 1; see People v. Warsaw, 2017 WL 2334001, at *1 (Cal. Ct. App. May 30, 2011). On June 17, 2016, Petitioner was sentenced to a determinate term of 32 years imprisonment. Pet. at 1; Warsaw, 2017 WL 2334001, at *1.

On July 1, 2016, Petitioner filed a direct appeal in the California Court of Appeal. California Courts, Appellate Courts Case Information, Docket (Aug. 29, 2018, 2:14 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2148133&doc_no=B275887&request_token=NiIwLSIkXkw3W1BBSCM9VEhIUDw6USxTJCNOJzJSQCAgCg%3D%3D. Petitioner raised in his direct appeal claims of ineffective assistance of counsel and judicial misconduct for denying a motion to substitute counsel. Warsaw, 2017 WL 2334001, at *1. On May 30, 2017, the California Court of Appeal affirmed the trial court's judgment. Id.

On June 12, 2017, Petitioner filed a petition for review to the California Supreme Court. California Courts, Appellate Courts Case Information, Docket (Aug. 29, 2018, 2:14 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=0&doc_id=2204776&doc_no=S242493&request_token=NiIwLSIkXkw3W1BBSCM9VEJIUDw0UDxTJyI%2BVzNTQCAgCg%3D%3D. On August 9, 2017, the California Supreme Court denied review of the petition. Id.

On September 21, 2017, Petitioner filed a petition for a writ of habeas corpus with the California Court of Appeal. California Courts, Appellate Courts Case Information, Docket (Aug. 29, 2018, 2:14 PM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2229058&doc_no=B285196&request_token=NiIwLSIkXkw3W1BBSCM9UEpJQEw6USxTKyNOQzNSUCAgCg%3D%3D. On October 6, 2017, the California Court of Appeal denied the petition. Id.

B.   **FEDERAL PROCEEDING**

On July 17, 2018, Petitioner constructively filed[1] the instant Petition challenging his 2016 conviction. Pet. The Petition sets forth three grounds for habeas relief: (1) ineffective assistance of trial counsel ("Claim One"); (2) prosecutorial misconduct for withholding evidence ("Claim

---

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on July 17, 2018. ECF Docket No. ("dkt.") 1, Pet. at 13. Thus, the Court deems July 17, 2018 the Petition's filing date.

Two"); and (3) judicial misconduct for denying Petitioner's right to confront and call witnesses ("Claim Three"). Id. at 2-12

On August 1, 2018, the Court Ordered Petitioner to Show Cause Why the Petition Should Not Be Dismissed For Failure to Exhaust State Remedies ("OSC"). Dkt. 3, OSC. The Court found the Petition was subject to dismissal because Petitioner has not exhausted his state remedies with respect to Claims Two and Three. Id. at 2. The Court directed Petitioner to file a response electing among the following options: (1) explain why Claims Two and Three are exhausted; (2) voluntarily dismiss Claims Two and Three and proceed only on Claim One; (3) request a Rhines stay; or (4) request a Kelly stay. Id. at 3. The Court further advised Petitioner he could select options in the alternative. Id. at 4.

On August 9, 2018, Petitioner constructively filed a Response to the OSC. Dkt. 5. In his Response, Petitioner appears to: (1) assert Claims Two and Three are exhausted; (2) alternatively, if the Court finds Claims Two and Three unexhausted, request a Rhines stay; and (3) alternatively, if the Court finds he is not entitled to a Rhines stay, voluntarily dismiss Claims Two and Three and proceed only on Claim One. Id. at 3-5

## III.
## DISCUSSION

### A. THE PETITION IS A MIXED PETITION SUBJECT TO DISMISSAL BECAUSE CLAIMS TWO AND THREE ARE UNEXHAUSTED

#### (1) APPLICABLE LAW

A state prisoner must exhaust his or her state court remedies before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999). To satisfy the exhaustion requirement, a habeas petitioner must fairly present his or her federal claims in the state courts in order to give the State the opportunity to pass upon and correct alleged violations of the petitioner's federal rights. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam). A habeas petitioner must give the state courts "one full opportunity" to decide a federal claim by carrying out "one complete round" of the state's appellate process in order to properly exhaust a claim. O'Sullivan, 526 U.S. at 845.

For a petitioner in California state custody, this generally means the petitioner must have fairly presented his or her claims in a petition to the California Supreme Court. See id. (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California). A claim has been fairly presented if the petitioner has both "adequately described the factual basis for [the] claim" and "identified the federal legal basis for [the] claim." Gatlin, 189 F.3d at 888.

The inclusion of both exhausted and unexhausted claims in a habeas petition renders it mixed and subject to dismissal without prejudice. See Rose v. Lundy, 455 U.S. 509, 522, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) ("In sum, because a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

**(2) ANALYSIS**

Here, Petitioner appealed his conviction and sentence to the California Court of Appeal. Pet. at 1. Claim One was presented in this appeal which was denied. Id.; see People v. Warsaw, 2017 WL 2334001 (Cal. Ct. App. May 30, 2011). Petitioner then filed a petition for review with the California Supreme Court (Case no. S242493), which was also denied. Pet. at 1; California Courts, Appellate Courts Case Information, Disposition (Aug. 29, 2018, 2:14 PM) http://appellatecases.courtinfo.ca.gov/search/case/disposition.cfm?dist=0&doc_id=2204776&doc_no=S242493&request_token=NiIwLSIkXkw3WzBJSCMtTExIUDg0UDxTJyI%2BVzNTQCAgCg%3D%3D. Hence, Claim One was properly exhausted.

With respect to Claims Two and Three, however, these claims do not appear to have been exhausted on direct appeal. In addition, while Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal,[2] he does not appear to have filed a post-conviction petition in the California Supreme Court. See Pet. Hence, it appears the California Supreme Court has not ruled on Claim Two or Three, and thus those claims have not been exhausted. Accordingly, the Petition is a mixed petition and appears subject to dismissal without prejudice. See Rose, 455 U.S. at 522.

**B. PETITIONER'S REQUEST FOR A RHINES STAY IS SUBJECT TO DENIAL BECAUSE PETITIONER HAS NOT SHOWN GOOD CAUSE**

**(1) APPLICABLE LAW**

Under Rhines, 544 U.S. 269, a district court has discretion to stay a mixed or wholly unexhausted petition to allow a petitioner time to present his or her unexhausted claims to state courts. Id. at 276; see Mena v. Long, 813 F.3d 907, 912 (9th Cir. 2016) (holding a district court has the discretion to stay and hold in abeyance fully unexhausted petitions under the circumstances set forth in Rhines). This stay and abeyance procedure is called a "Rhines stay" and is available only when: (1) there is "good cause" for the failure to exhaust; (2) each

---

[2] The Court takes judicial notice of Petitioner's prior proceedings in this Court and in the state courts. See In re Korean Air Lines Co., 642 F.3d 685, 689 n.1 (9th Cir. 2011). Based on the Court's review of the California Court of Appeal's website, the Court finds it unclear what claims Petitioner presented in his state habeas petition. See California Courts, Appellate Courts Case Information, Docket (Aug. 1, 2018, 10:46 AM) http://appellatecases.courtinfo.ca.gov/search/case/dockets.cfm?dist=2&doc_id=2229058 &doc_no=B285196&request_token= NiIwLSIkXkw3WzBJSCNdUE1JUEw6USxTKyNOQzNSUCAgCg%3D%3D.

unexhausted claim is not "plainly meritless;" and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Rhines, 544 U.S. at 277-78. The "good cause" inquiry is centered on "whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence," to justify his failure to exhaust the unexhausted claim in state court. Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014).

**(2) ANALYSIS**

Here, Claims Two and Three are unexhausted, as those claims have not been presented and ruled on by the California Supreme Court. See Warsaw, 2017 WL 2334001. Moreover, in his Response to the OSC, Petitioner does not set forth any "reasonable excuse, supported by sufficient evidence" to justify his failure to exhaust Claims Two and Three. See Blake, 745 F.3d at 982. Thus, the Court is inclined to deny Petitioner's Rhines stay because he has not established good cause. See Rhines, 544 U.S. at 277-78.

**C. PETITIONER'S REQUEST TO VOLUNTARILY DISMISS CLAIMS TWO AND THREE IS SUBJECT TO BEING GRANTED**

The Court is inclined to grant Petitioner's Request to voluntarily dismiss unexhausted Claims Two and Three and proceed only on exhausted Claim One. The Court, however, will not make a final decision to grant Petitioner's Request until Petitioner has another opportunity to seek a Kelly stay, as discussed below.

**D. PETITIONER MAY REQUEST A KELLY STAY**

**(1) APPLICABLE LAW**

Under Kelly, the district court may stay a petition's exhausted claims to allow the petitioner time to exhaust unexhausted claims in state court. 315 F.3d at 1070-71.

Unlike a Rhines stay, a Kelly stay "does not require that a petitioner show good cause for his failure to exhaust state court remedies." King v. Ryan, 564 F.3d 1133, 1135. A Kelly stay involves a three-step procedure: "(1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." Id. (citing Kelly, 315 F.3d at 1170-71). Thus, while "Rhines allows a district court to stay a mixed petition, and does not require that unexhausted claims be dismissed while the petitioner attempts to exhaust them . . . Kelly allows the stay of fully exhausted petitions, requiring that any unexhausted claims be dismissed." Id. at 1139-40 (emphasis in original) (citing Jackson, 425 F.3d at 661).
///
///
///

### (2) ANALYSIS

Here, as the Court discussed in the OSC, Petitioner may request a Kelly stay so that he may exhaust Claims Two and Three in state court. Petitioner is cautioned, however, that while a Kelly stay does not require a showing of good cause, it requires compliance with the one-year statute of limitations set forth in the AEDPA. 28 U.S.C. § 2244(d)(1). "A petitioner seeking to use the Kelly procedure will be able to amend his unexhausted claims back into his federal petition once he has exhausted them only if those claims are determined to be timely." King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). After expiration of the limitation period, "a petitioner may amend a new claim into a pending federal habeas petition . . . only if the new claim shares a 'common core of operative facts' with the claims in the pending petition; a new claim does not 'relate back' . . . simply because it arises from the 'same trial, conviction, or sentence.'" Id. at 1141 (internal citations omitted).

Accordingly, Petitioner must respond to this Order stating whether or not he alternatively requests a Kelly stay. Petitioner may file a motion for a Kelly stay and follow the three-step procedure discussed above. First, Petitioner must file a proposed notice voluntarily dismissing Claims Two and Three, and amend his Petition to delete any unexhausted claims. Kelly, 315 F.3d at 1135. Once Petitioner files his motion for a Kelly stay, the Court will then stay and hold in abeyance the fully exhausted Petition containing only the exhausted Claim One and allow Petitioner the opportunity to exhaust the deleted Claims Two and Three in state court. See id.

### IV.
### ORDER

Petitioner is therefore ORDERED to respond to this Order **within fourteen (14) days** stating whether or not he would like to alternatively request a Kelly stay. **The Court expressly warns Petitioner that failure to timely file a response to this Order will result in the Court dismissing Claims Two and Three and moving forward with this action only as to exhausted Claim One.**

The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.

**IT IS SO ORDERED.**